IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SOLOMON L. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:16-CV-881-WKW |
| | ) | [WO] |
| SOUTHERN HEALTH PARTNERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Geneva County Jail in Geneva, Alabama, files this 42 U.S.C. § 1983 action complaining that the has been subjected to unconstitutional conditions at the county jail, denied adequate medical care, and subjected to excessive force. Plaintiff names as defendants Southern Health Partners ["SHP"], Sheriff Tony Helms, Nurse Jasmine Andrews, Lieutenant James Kelly, Commander Dillon, Officer Natalie Curry, and Officer Tumby. Upon review, the court concludes that dismissal of Plaintiff's claims against Southern Health Partners, Sheriff Helms, Lieutenant Kelly, Commander Dillon, and Officer Tumby is appropriate under 28 U.S.C. § 1915(e)(2)(B).

## I. DISCUSSION

### A. Officer Tumby

Plaintiff contends that after an inmate ripped up Plaintiff's legal mail and threw it in the trash, Defendant Tumby and another jailer, who observed the inmate's conduct on video camera, punished the inmate "by jail laws." Plaintiff, however, alleges that he wants "them all to get punished by federal law." Doc. 1 at 2-3.

To the extent that Plaintiff seeks to pursue criminal charges against his fellow inmate and/or Defendant Tumby regarding the destruction of his legal mail, he is entitled to no relief. Plaintiff does not have a constitutional right to see his alleged persecutors punished for their conduct. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). Accordingly, Plaintiff's complaint against Defendant Tumby is subject to dismissal under 28 U.S.C. § 1915 (e)(2)(B)(i). *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

**B. Defendants SHP, Helms, Kelly, and Dillon**

Other than naming Defendants Southern Health Partners, Sheriff Helms, Lieutenant Kelly, and Commander Dillon as defendants, Plaintiff makes no allegations of wrongdoing against these individuals. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district court properly dismisses defendant where a prisoner, other than naming the defendant in the caption, states no allegations that connect the defendant with the alleged constitutional violation); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  To the extent that Plaintiff seeks to impose liability on Defendants SHP, Helms, Kelly, and Dillon because of alleged wrongdoing by their subordinates, such claim is due to be dismissed.  Supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability absent proof of actual personal involvement in the alleged wrongdoing.  *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 692 (1978);  *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also  Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)

(holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."). Plaintiff makes no allegation of constitutional violations against Defendants SHP, Helms, Kelly, and Dillon nor does he indicate these individuals were personally involved in the constitutional violations about which he complains. *See Cottone, supra*. Plaintiff's complaint against Defendants SHP, Helms, Kelly, and Dillon is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Tumby be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's complaint against Defendants SHP, Helms, Kelly, and Dillon be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Defendants Tumby, SHP, Helms, Kelly, and Dillon be DISMISSED as parties to the complaint; and

4. This case regarding the remaining defendant be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before December 1, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 17th day of November, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge