IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SOLOMON L. HENDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:16-CV-881-WKW ) [WO] |
| NURSE JASMINE ANDREWS, *et al.*, | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on November 16, 2016. When he filed suit, Plaintiff was incarcerated at the Geneva County Jail in Geneva, Alabama. On November 14, 2016, the court entered an order of procedure directing Defendants to file an answer and special report. Doc. 4. This order also directed Plaintiff that if he "move[s to a different institution or is released, he must immediately inform the court and Defendants of his new address." *Id.* at 5, ¶8(h). The order also advised Plaintiff that "[f]ailure to comply with this requirement will result in a Recommendation [] this case be dismissed." *Id.*

On January 9, 2017, Plaintiff's copy of an order entered December 27, 2016, was returned to the court marked as undeliverable because he was not at the last address he provided for service. The court entered an order on January 12, 2017, requiring that by January 23, 2017, Plaintiff show cause why his complaint should not be dismissed for his failure to keep the court apprised of his current address as directed in the court's November 14, 2016, order of procedure. This order specifically cautioned Plaintiff that his failure to comply with the January 12 order would result in the dismissal of this case. *Id*. Beside mailing a copy of this order to Plaintiff at the Geneva County

Jail, the last known service address he provided, the court also directed the Clerk to mail a copy of the January 12, 2017, order to Plaintiff at the Kilby Correctional Facility.[1]

The time to file a response to the court's January 12, 2017, order has expired. Plaintiff has not provided the court with his current address as required by the orders entered in this case and, despite being provided an opportunity to do so, has also failed to show cause why this case should not be dismissed for such failure. The foregoing makes clear Plaintiff has failed to comply with the orders entered by this court and reflects a lack of interest in the continued prosecution of this case. The court, therefore, concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that on or before **March 13, 2017**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in

---

[1] When the court entered the January 12, 2017, order it determined, through a search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, that Plaintiff had been released to ADOC custody and was housed at the Kilby Correctional Facility in Mt. Meigs, Alabama.

2

the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 27th day of March, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge